UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MAGDALENO ROCHA, *individually and on behalf of others similarly situated*,

                                    Plaintiff,

                             v.

BAKHTER AFGHAN HALAL KABABS, INC.,
d/b/a BAKHTER AFGAN HALAL KABABS,
WAZIR KHITAB, ABASEEN FOOD CORP.,
d/b/a BAKHTER AFGHAN HALAL KABABS,
INC., NAWAZ KHAN-NABI and HABIB KHAN,

                                     Defendants.

**MEMORANDUM & ORDER**
13-CV-0170 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Magdaleno Rocha commenced this action individually and on behalf of others similarly situated on January 11, 2013, against Defendants Bakhter Afghan Halal Kababs, Inc., doing business as Bakhter Afghan Halal Kababs, and Wazir Khitab, alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, minimum wage, overtime and spread-of-hours violations of New York Labor Law § 652 and regulations, 12 N.Y. Comp. Codes R. & Regs. § 142-2.2, and seeking certification of the action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). On July 11, 2013, and September 17, 2013, Mateo Calel and Miguel Portillo, respectively, consented to join this action as opt-in plaintiffs pursuant to 29 U.S.C. § 216(b). (Docket Entry Nos. 12, 15.)

      By Report and Recommendation dated March 13, 2015 ("R&R"), Chief Magistrate Judge Steven M. Gold recommended that the claims of Plaintiffs Rocha and Calel be dismissed with

prejudice for failure to prosecute, and that the claims of Plaintiff Portillo be dismissed as settled. (R&R 1, Docket Entry No. 49.) For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the Second Amended Complaint.

**I. Background**

Plaintiff Magdaleno Rocha commenced this action individually and on behalf of others similarly situated on January 11, 2013. (Docket Entry No. 1). He filed an Amended Complaint on February 4, 2013, and a Second Amended Complaint, without leave of the Court, on April 17, 2013. (Docket Entry Nos. 4, 10). On July 11, 2013 and September 17, 2013, Plaintiffs Mateo Calel and Miguel Portillo consented to join this action as opt-in plaintiffs. (Docket Entry Nos. 12, 15.) On February 21, 2014, Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim, and, in the alternative, for summary judgment. By Memorandum and Order dated September 15, 2014, the Court denied Defendants' motion. (Docket Entry No. 35.) At a settlement conference held on October 29, 2014, Portillo settled his claims. (Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack,[1] Docket Entry No. 39.)

On January 30, 2015, counsel for Rocha and Calel filed a letter with the Court seeking leave to withdraw. (Letter Mot. to Withdraw as Att'y, Docket Entry No. 40.) In the letter, counsel indicated that Rocha and Calel ceased cooperating with counsel and no longer wanted counsel to represent them. (*Id.* at 1.) Annexed to a letter motion were two notices titled "concent [sic] to change of my attorney," signed by Rocha and Calel, respectively, indicating that for "case #1300710 in the Federal court Brooklyn State of New York," that the signor was

---

[1] Then-Magistrate Judge Joan M. Azrack was initially assigned to this matter. The case was reassigned to Chief Magistrate Judge Steven M. Gold on January 13, 2015. (*See* Docket Entry dated Jan. 13, 2015.)

2

revoking all authority and power given to his attorney. (Letters dated Dec. 31, 2014 and Jan. 6, 2015, Docket Entry No. 40-1.) In light of the motion to withdraw, Judge Gold scheduled an in-person hearing for February 10, 2015, and required Rocha and Calel to personally attend. (Docket Entry No. 42.) Rocha and Calel failed to appear for the conference, which was rescheduled to February 27, 2015. (Docket Entry No. 43.) Rocha and Calel were warned that "failure to appear would result in a recommendation that their claims be dismissed for failure to prosecute them." (*Id.*) Rocha and Calel failed to attend the February 27 conference, which was rescheduled to March 13, 2015. (Docket Entry No. 46.) Rocha and Calel were again warned that "failure to appear will result in a recommendation that their claims be dismissed for failure to prosecute them." (*Id.*) Rocha and Calel failed to appear for a third time at the March 13, 2015 hearing, and failed to otherwise communicate with the court. (R&R 1.) Judge Gold granted counsel's motion to withdraw. (Minute Entry for Settlement Conference held on Mar. 13, 2015, Docket Entry No. 50.)

Judge Gold recommended that the claims of Rocha and Calel be dismissed with prejudice for failure to prosecute, and that the claims of Portillo be dismissed as settled. (R&R 1.) Judge Gold directed objections to be filed by March 30, 2015. (R&R 2.) No objections were filed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United*

3

*States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Gold's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

The Court dismisses the Second Amended Complaint, with prejudice, for failure to prosecute as to Rocha and Calel, and dismisses the Second Amended Complaint as settled as to Portillo. The Clerk of the Court is directed to close this case.

SO ORDERED:

      s/MKB
MARGO K. BRODIE
United States District Judge

Dated: April 2, 2015
      Brooklyn, New York